CASE 26—EQUITY—NOVEMBER 23, 1880.

# Mix v. Marders' ex'r.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A party who is making no issue hostile to the claim of a decedent's executor, is a competent witness when offered by a co-obligor who makes a defense against the estate.

2. In a suit by an executor against a principal and surety, the principal makes no defense, and judgment is rendered against him. The surety relies upon usury, and offers the principal as a witness to establish his plea. He is a competent witness.

RUSSELL & HELM FOR APPELLANT.

Whipps, although a co-obligor with appellant, was a competent witness to prove usury on the note. He made no defense, and judgment had been rendered against him before his deposition was read. He does not come within the exception made by subsection 2, section 606, Civil Code.

HARRISON & McGRAIN FOR APPELLEE.

The court erred in permitting the deposition of Whipps to be read as evidence in the case. He is a co-obligor with appellant, and is introduced to prove verbal statements of the decedent in support of appellant's plea of usury. (Subsec. 2, sec. 606, Civil Code.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Mix, the appellant, was the surety of Whipps to Jefferson Marders on a note for three thousand dollars. Marders dying, his executor instituted an action on this note, and the plea of usury was interposed by the surety. On the failure of Whipps to plead, a judgment by default was rendered against him, and on the trial he was introduced as a witness by the surety to establish the claim of usury. The question as to the usury having been heretofore considered, it is now urged, in a petition for a rehearing, that Whipps was not a competent witness, and the judgment should have been reversed on the cross-appeal. Prior to the passage of the law making parties to actions competent witnesses, one

interested in the issue was excluded, if his interest was no
greater than his liability for the costs of the action, and in
the absence of any change in the law, Whipps would be
incompetent, as his liability for costs to the surety would
exist; and as the law now stands, Whipps is liable to Mix
for the amount the latter may have to pay; and while this is
so, it seems to us that the only interest rendering a party to
an action or other person incompetent, where he appears as
a witness to testify against the estate of a dead person, he
must be testifying for himself, so as to defeat or lessen the
claim of the personal representative against him, or increase
his demand against the estate.   Subsection 2 of section 606,
prohibits "any person from testifying for *himself*, concern-
ing any verbal statement of, or any transaction with, or any
act done or omitted to be done by, a deceased person."   In
this case there is no issue raised, or any claim asserted by
the witness against the estate of the testator.   The executor
has a judgment for the full amount of the debt, interest, and
costs, with the usury included, against the principal, and
could have obtained no greater relief if no defense had been
interposed by the surety.   The issue is alone between the
estate and the surety, and no greater liability can be as-
serted by the estate of the decedent against Whipps than
has already been fixed.   His testimony neither lessens or
increases his liability to Marders' estate; and the fact that he
may be liable to the surety for costs does not disqualify him
or bring the case within the exceptions made by the statute.
It was, in fact, a technical ruling that excluded the witness in
such cases prior to the change made in the law; and as the
object was to enlarge instead of restricting the rule in regard
to the competency of persons offered as witnesses, we see
no reason for excluding one offered as a witness, who is

·making no issue hostile to the claim of the estate of the ·decedent, and when testifying cannot affect the amount of ·the recovery by the personal representative against him.

The petition is overruled.